IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY DRIVER,

        Plaintiff,                    No. CIV S-08-1910 GEB EFB P

    vs.

MARTEL, Warden,

        Defendants.          ORDER

_____/

        Plaintiff is a prisoner without counsel who, it appears, intends to seek relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. He has filed a letter in which he complains about the conditions of his confinement. However, he has not paid the $350 filing fee or filed an application for leave to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914(a), 1915. He must do one or the other in order to proceed with this action. Furthermore, he must file a complaint in order to commence a civil action. Fed. R. Civ. P. 3. Thus, the court gives plaintiff the opportunity either to pay the filing fee or to file an application for leave to proceed *in forma pauperis*, and to file a complaint.

        The court notes that the Federal Rules of Civil Procedure govern the filing of a civil rights complaint. A complaint must contain a short and plaint statement of the basis of the court's jurisdiction, the claim showing that the plaintiff is entitled to relief and a demand for the

1

relief sought. Fed. R. Civ. P. 8(a). The rules permit a plaintiff to join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

In his letter, plaintiff asserts generally that he has been subjected to excessive force and inadequate mental health care. Thus, as noted above, it appears that he wishes to proceed pursuant to 42 U.S.C. § 1983. In order to state a claim under that provision, plaintiff must allege that an identified person deprived him of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Plaintiff therefore must identify as defendants only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). In particular, to state a claim that prison officials have used force against him in excess of that permitted under the Eighth Amendment, plaintiff must allege that the officials used force maliciously and sadistically to cause prisoners physical harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In order to state a claim that defendants provided constitutionally inadequate medical or mental health care, plaintiff must allege acts or omissions evidencing that identified defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also*, *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004) (applying *Estelle* and *Farmer* to mental health claim). Neither defendants' negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).

////

Accordingly, it hereby is ordered that within 30 days of the date this order is served:

1. The Clerk of the Court shall send to plaintiff the form application for leave to proceed *in forma pauperis* and the form complaint used in this court;

2. Plaintiff shall either pay the $350 filing fee required to commence a civil action or file a complete application for leave to proceed *in forma pauperis*; and,

3. File a complaint that satisfies the guidelines set forth above. Plaintiff's failure to comply with this order will result in this action being dismissed.

Dated: October 8, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3