IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY DRIVER,

     Plaintiff,                    No. CIV S-08-1910 GEB EFB P

     vs.

MARTEL, et al.,

     Defendants.          <u>ORDER</u>

_____/

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

     Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

     Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

////

////

1

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant. Plaintiff purports to sue at least 18 defendants on the grounds that they used excessive force against him, denied him adequate mental health treatment, denied him access to the courts, violated his right to due process in the prison appeals process and retaliated against him. Nowhere does he allege who did what to him. In other words, he has not alleged that any particular defendant engaged in any particular act that violated any of the rights he seeks to vindicate. Plaintiff has submitted more than 200 pages of attachments, which may provide the information the court needs to fill in the gaps of the complaint. However, federal courts are not required to tease out claims from attachments. The plaintiff must make definite allegations in accordance with Rule 8 of the Federal Rules of Civil Procedure, explained below. In order to proceed, therefore, plaintiff must file an amended complaint. To facilitate any effort plaintiff might make in this regard, the court sets out what appear to be the standards necessary for plaintiff to explain how his rights have been violated.

Section 1983 of Title 42 of the United States Code creates a cause of action against persons who deprive any individual of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To state a claim guards used force that violates the Eighth Amendment, plaintiff must allege wrongdoing that is objectively serious enough to violate the Eighth Amendment committed with a sufficiently culpable state of mind. *Hudson v. McMillian*, 503 U.S. 1, 7-9 (1992). It must appear from the complaint that the guards used force not "in a good faith effort to maintain or restore discipline," but instead "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320 (1986).

To state a claim defendants provided constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Neither defendants' negligence nor plaintiff's general

disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).

In order to state a claim for violation of the Due Process Clause of the Fourteenth Amendment, plaintiff must allege a defendant denied plaintiff a specific right protected by the federal constitution without procedures required by the constitution to ensure fairness, or deliberately abused his power without any reasonable justification in aid of any government interest or objective and only to oppress in a way that shocks the conscience. *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995); *Daniels v. Williams*, 474 U.S. 327, 31 (1986); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). Prisoners have "no legitimate claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988).

To proceed on a claim that defendants have retaliated against him, plaintiff must allege that on a specified date an individual state actor took adverse action against plaintiff for his engagement in a constitutionally protected activity and the adverse action chilled plaintiff's exercise of his rights and did not reasonably advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985).

To state a claim he was denied access to the courts, plaintiff must allege that he was denied necessary assistance in preparing and filing a habeas corpus petition or section 1983 complaint, such as meaningful access to an adequate law library or assistance from persons trained in the law, and that the deprivation actually injured his habeas or section 1983 litigation efforts. *Lewis v. Casey*, 518 U.S. 343, 351, 354, 356 (1996).

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a

defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against

4

many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* 15 Cal. Admin. Code § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and

1  Rehabilitation filed concurrently herewith.

2      3. The complaint is dismissed with leave to amend within 30 days. Plaintiff shall file an
3  original and one copy of the amended complaint, which must bear the docket number assigned to
4  this case and be titled "First Amended Complaint." Failure to file an amended complaint will
5  result in a recommendation this action be dismissed for failure to state a claim. If plaintiff files
6  an amended complaint stating a cognizable claim the court will proceed with service of process
7  by the United States Marshal.

8  Dated: February 24, 2009.

                 EDMUND F. BRENNAN
                 UNITED STATES MAGISTRATE JUDGE